SUSAN BLACK DUNN, #3784
**DUNN & DUNN, P.C.**
2455 E. Parley's Way, Suite 340
Salt Lake City, Utah 84109
Telephone: (801) 521-6677
Facsimile: (801) 521-9998
sblack@dunndunn.com

*Attorneys for Defendant Trevor Peterson*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| JORDAN ALAN NEVES BREWER,<br><br>PLAINTIFF,<br><br>V.<br><br>JEFFREY ROSS AND TREVOR PETERSON<br><br>DEFENDANTS. | **ANSWER OF DEFENDANT TREVOR PETERSON**<br><br>CASE NO. 1:15-CV-00087C<br><br>DISTRICT JUDGE TENA CAMPBELL<br><br>MAGISTRATE JUDGE DUSTIN PEAD |

Defendant Trevor Peterson ("Defendant Peterson") answers the Plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant Peterson responds in like-numbered paragraphs to the allegations in the Complaint as follows:

### I. INTRODUCTION

1. Defendant Peterson admits that Plaintiff Brewer has filed a complaint as set forth in Paragraph 1 of Plaintiff's First Amended Complaint but denies any liability or culpability as

alleged by Plaintiff therein.

2. Defendant Peterson admits that Plaintiff's Complaint alleges violations of Plaintiff's Fourth Amendment rights but denies any such violations as described in Plaintiff's Complaint.

## II.  PARTIES

3. The allegations in Paragraph 3 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

4. The allegations in Paragraph 4 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

5. As to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Defendant Peterson admits at all times relevant to Plaintiff's Complaint, he was a Detective with the Weber County Sheriff's Office ("WCSO").  At the times relevant to the complaint, he was acting under the authority or color of state law.  Defendant Peterson denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

## III.  JURISDICTION AND VENUE

6. The allegations set forth in Paragraph 6 of Plaintiff's Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

7. Defendant Peterson admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

## IV.  PREVIOUS LAWSUITS

8. The allegations in Paragraph 8 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Petersen lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

9. The allegations in Paragraph 9 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

10. The allegations in Paragraph 10 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

## V.  GENERAL ALLEGATIONS

11. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Defendant Peterson lacks knowledge or information sufficient to form a belief as

to the truthfulness of the allegations set forth in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

14. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27. The allegations in Paragraph 27 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

28. The allegations in Paragraph 28 of Plaintiff's Complaint are not directed at

Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

29. The allegations in Paragraph 29 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

30. The allegations in Paragraph 30 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

31. Defendant Peterson denies that Plaintiff Brewer complained of the handcuffs being too tight.

32. The allegations in Paragraph 32 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

33. The allegations in Paragraph 33 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

34. The allegations in Paragraph 34 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required,

Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

35. The allegations in Paragraph 35 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

36. The allegations in Paragraph 36 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

37. The allegations in Paragraph 37 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

38. The allegations in Paragraph 38 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

39. Defendant Peterson admits that he transported Plaintiff Brewer in his vehicle in the passenger seat. Defendant Peterson further states he followed all protocol in properly transporting Plaintiff Brewer. He denies any other allegation asserted by Plaintiff in Paragraph 39 of his Complaint.

40. The allegations in Paragraph 40 of Plaintiff's Complaint are not directed at

Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

41. Defendant Peterson admits the allegations contained in Paragraph 41 of Plaintiff's Complaint in that Defendant Peterson escorted Plaintiff Brewer to the front porch of the house. Defendant Peterson denies the remaining allegations asserted by Plaintiff in Paragraph 41 of his Complaint.

42. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.

43. Defendant Peterson admits the allegations contained in Paragraph 43 of Plaintiff's Complaint in that Defendant Peterson and Defendant Ross had a search warrant for the residence and told Nala Brewer they had a search warrant. Defendant Peterson denies the remaining allegations asserted by Plaintiff in Paragraph 43 of his Complaint.

44. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, denies the same.

45. Defendant Peterson admits in part and denies in part the allegations contained in Paragraph 45 of Plaintiff's Complaint. Defendant Peterson admits that he did escort the Plaintiff to the back of the house. Defendant Peterson denies he placed Plaintiff Brewer in a chair.

46. Defendant Peterson admits the allegations contained in Paragraph 46 of Plaintiff's Complaint in that Defendant Peterson sat with Plaintiff Brewer and his mother while other officers executed the search warrant. Defendant Peterson denies the remaining allegations

asserted by Plaintiff in Paragraph 46 of his Complaint.

47. The allegations in Paragraph 47 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

48. The allegations in Paragraph 48 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

49. Defendant Peterson denies the allegations contained in Paragraph 49 of Plaintiff's Complaint in that Plaintiff Brewer did not complain of pain in his wrists to Defendant Peterson.

50. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 50 of Plaintiff's Complaint and, therefore, denies the same.

51. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 51 of Plaintiff's Complaint and, therefore, denies the same.

52. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 52 of Plaintiff's Complaint and, therefore, denies the same.

53. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 53 of Plaintiff's Complaint and, therefore, denies the same.

54. The allegations in Paragraph 54 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

55. The allegations in Paragraph 55 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

56. The allegations in Paragraph 56 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

57. The allegations in Paragraph 57 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

58. The allegations in Paragraph 58 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

59. The allegations in Paragraph 59 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the

truthfulness of these allegations and, therefore, denies the same.

60. Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

61. The statements set forth in Paragraph 61 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

## VI. CAUSES OF ACTION

62. The allegations in Paragraph 62 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

63. The statements set forth in Paragraph 63 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

64. The statements set forth in Paragraph 64 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

65. The allegations in Paragraph 65 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

66. The allegations in Paragraph 66 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required,

Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

67. The statements set forth in Paragraph 67 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

68. The statements set forth in Paragraph 68 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

## PRAYER FOR RELIEF

69. The statements set forth in Paragraph 69 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

70. The statements set forth in Paragraph 70 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

71. The statements set forth in Paragraph 71 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

72. The statements set forth in Paragraph 72 of Plaintiff's Complaint call for a legal conclusion; therefore, no response is required. To the extent a response is required, Defendant Peterson denies the statements.

## TRIAL BY JURY DEMAND

73. Defendant Peterson relies upon Plaintiff's Jury Demand.

**VERIFICATION**

74. The allegations in Paragraph 74 of Plaintiff's Complaint are not directed at Defendant Peterson; therefore, no response is required. To the extent a response is required, Defendant Peterson lacks knowledge or information sufficient to form a belief as to the truthfulness of these allegations and, therefore, denies the same.

**AFFIRMATIVE DEFENSES**

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by applicable statues of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of qualified immunity from suit.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no affirmative link between Defendant Peterson's conduct and Plaintiff's claimed constitutional violation.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are moot.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages fails because there is no basis to demonstrate by clear and convincing evidence that Defendant Peterson's alleged acts or omissions were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

**EIGHTH AFFIRMATIVE DEFENSE**

Any and all injuries and damages Plaintiff alleges resulted from Plaintiff's own actions or omissions, or from the acts or omissions of third parties over whom Defendant Peterson had no

authority or control.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and *res judicata.*

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant Peterson did not violate any of Plaintiff's constitutional, statutory, or common law rights or privileges.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Peterson reserves the right to assert other affirmative defenses as they become known.

## PRAYER

WHEREFORE, Defendant Peterson, having answered the allegations set forth in the Complaint, prays that Plaintiff's Complaint be dismissed with prejudice as no cause of action, that he be awarded his costs incurred in defending this lawsuit, and for such other relief as the Court deems just.

DATED this 22nd day of December, 2016.

DUNN & DUNN, P.C.

/s/ SUSAN BLACK DUNN
SUSAN BLACK DUNN
*Attorneys for Defendant Trevor Peterson*

...

## CERTIFICATE OF SERVICE

I hereby certify that on December ___ 2016, a true and correct copy of the foregoing **Answer of Defendant Trevor Peterson** was served *via U.S. First Class Mail, postage prepaid*, on the following:

> Jordan Brewer – *Pro Se Plaintiff*
> Offender Number 212121
> UTAH STATE PRISON
> PO BOX 250
> Draper, Utah 84020-0250

                                             /s/   *Karen B. Jeppson*
                                                    Paralegal