IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JORDAN ALAN NEVES BREWER,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY ROSS & TREVOR PETERSEN,<br><br>Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:15-cv-87-TC-DBP |

Defendants Jeffrey Ross and Trevor Petersen have filed motions for summary judgment[1]

seeking dismissal of Pro Se Plaintiff Jordan Brewer's claims that the Defendants violated his

Fourth Amendment rights in connection with an allegedly illegal search and seizure in September

2011. Mr. Brewer, in response, filed a motion under Rule 56(d) of the Federal Rules of Civil

Procedure for a stay of the court's decision until discovery can be conducted. (See Pl.'s Mot.

Stay Summ. J. Pending Discovery Pursuant to Rule 56(f), ECF No. 59 ("Rule 56(d) Motion")[2].)

Specifically, he requests the following:

- "incident reports generated by the defendants [*sic*] September 2011 detention,

  arrest, and search of my person and my mother's car" (Id. ¶ 3);

- "other photos they took of my hands and wrists" (Id. ¶ 4);

_____

[1]Defendant Jeffrey Ross filed a motion to dismiss or, in the alternative, for summary judgment. (See ECF No. 34.) The court converted his motion to one for summary judgment. (See Oct. 18, 2017 Order & Mem. Decision, ECF No. 52.)

[2]Rule 56(d) is the successor to Rule 56(f).

- an explanation from SA Ross about "why he would ask me about whether I was going to be okay if I wasn't showing a substantial mental and emotional response to how I was treated" (Id. ¶ 5);

- a deposition of "Mr. Almon Bates, [the Defendants'] alleged informant" (Id. ¶ 6); and

- an order for a Martinez report (Id. ¶ 7).

For the reasons set forth below, the court finds that only the requests for incident reports and photos have merit. Accordingly, Mr. Brewer's motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Mr. Brewer, a pro se plaintiff who is currently incarcerated in the Utah State Prison, filed this civil rights action in 2015, alleging that the Defendants, both of whom are law enforcement officers, violated his Fourth Amendment right to be free from unlawful arrest, unreasonable detention, excessive force (he alleges that he was injured when the officers placed handcuffs too tightly on his wrists), and unlawful search. At the time of the events at issue in the complaint, Mr. Brewer was not incarcerated and was living in Ogden, Utah.

When the Defendants encountered Mr. Brewer, Defendant Jeffrey Ross was a special agent with the FBI and Defendant Trevor Petersen was a detective with the Weber County Sheriff's Office. Both Defendants raise the defense of qualified immunity.

Detective Petersen argues that he is entitled to summary judgment on all four of Mr. Brewer's claims against him. He contends that (1) "there was sufficient probable cause to arrest, detain, and transport Plaintiff on the date in question"; (2) assuming Special Agent Ross (SA

Ross) searched Mr. Brewer's car, "there was sufficient probable cause for SA Ross to make a protective sweep of the passenger compartment of the vehicle for weapons" that Mr. Brewer was "known to carry"; and (3) Mr. Brewer "has failed to demonstrate more than a de minimis injury from the handcuff[s] placed on him on the date in question." (Def. Trevor Petersen's Mot. Summ. J. & Mem. in Support at 1–2, ECF No. 44.) SA Ross raises similar arguments in his motion, in which he contends that Mr. Brewer cannot establish a constitutional violation for any of the five claims. (See Def. Jeffrey Ross's Mot. Dismiss or, in the Alternative, Mot. for Summ. J., ECF No. 34.)

**Defendants' Search and Seizure Arguments**

In his complaint, Mr. Brewer challenges the legality of the search and seizure. According to him, he needs the incident reports "to impeach the defendants [*sic*] personal account of what occurred and their intent." (Ex. A to Rule 56(d) Mot. at ¶ 3.) The Defendants respond that the officers' intent is irrelevant to the objective probable cause analysis and so no impeachment is required.

**Defendants' Excessive Force Argument**

Mr. Brewer also challenges the Defendants' contention that he was not the victim of excessive force. In his excessive force claim, Mr. Brewer asserts that he suffered significant physical and emotional injury while he was handcuffed.[3]

---

[3]According to Mr. Brewer, SA Ross placed him in handcuffs "tightened so tightly that the plaintiff lost the feeling in his hands and fingers." (Compl. ¶ 23, ECF No. 4.) Mr. Brewer "complained that the handcuffs were severely too tight and that they were hurting his wrists and that he had lost feeling in his fingers and hands." (Id. ¶¶ 31, 49.) Later, another officer named Jeff took the handcuffs off "and rubbed the feeling back into the plaintiff's swollen hands and fingers." (Id. ¶ 56.) In addition to "temporary loss of feeling in his hands and fingers," Mr. Brewer was "left with bruises around his wrists that ached for weeks." (Id. ¶ 61.) Stated another

In some instances, "unduly tight handcuffing can constitute excessive force where a plaintiff alleges some <u>actual injury</u> from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight." Cortez v. McCauley, 478 F.3d 1108, 1129 (10th Cir. 2007) (emphasis added). "Actual injury" must be more than "de minimis." <u>Id.</u> at 1129 n.25.

The Defendants maintain that Mr. Brewer's alleged injury from the handcuffs does not rise to the level of a constitutional violation because at most his injury was de minimis. According to SA Ross,

> [e]ven though Mr. Brewer has had multiple opportunities to prove a non-*de minimis* injury, Mr. Brewer has failed to do so and has failed to provide any medical documentation showing that overly tight handcuffing caused him any non-*de minimis* physical or mental anguish. To the contrary, SA Ross has provided <u>a photograph taken shortly after Mr. Brewer was released from his handcuffs clearly showing no marks of any kind on his writs</u> [*sic*].

(SA Ross's Reply Mem. in Support of Mot. Summ. J. at 29, ECF No. 54 (emphasis added) (citing Ex. B to Ross Mot. Summ. J. at 11, ECF No. 34-2).) In that photograph, Mr. Brewer is standing outside and talking to an officer with one hand in his jeans pocket and the other hand holding a piece of paper. Both wrists are exposed in the photograph.

In their motions, the Defendants assert that the photograph shows that Mr. Brewer's wrists were not injured. And they argue that because Mr. Brewer has presented no corroborating evidence (i.e., medical records) to contradict the photo they have provided, they are entitled to summary judgment.

---

way, the Defendants "plac[ed] handcuffs so tight on the plaintiff's wrists that it cut off the circulation to the plaintiff's hand and fingers and caused considerable pain[.]" (<u>Id.</u> ¶ 68.)

## ANALYSIS

Mr. Brewer brings his motion under Rule 56(d) of the Federal Rules of Civil Procedure,

which allows the court to stay a decision on a motion for summary judgment under certain

circumstances.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it
> cannot present facts essential to justify its opposition, the court may: (1) defer
> considering the motion or deny it;  (2) allow time to obtain affidavits or
> declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

> In the Tenth Circuit, a non-movant requesting additional discovery under Rule
> 56(d) "must specify (1) the probable facts not available, (2) why those facts
> cannot be presented currently, (3) **what steps have been taken to obtain these
> facts**, and (4) how additional time will enable [the party] to obtain those facts and
> rebut the motion for summary judgment." <u>Birch v. Polaris Indus., Inc.</u>, 812 F.3d
> 1238, 1249 (10th Cir. 2015) (alteration in original) (quotations omitted). When
> the summary judgment motion is based on qualified immunity, the non-movant's
> Rule 56(d) affidavit must also "demonstrate a connection between the information
> he would seek in discovery and the validity of the [defendant's] qualified
> immunity assertion." <u>Lewis v. City of Ft. Collins</u>, 903 F.2d 752, 754 (10th Cir.
> 1990) (alteration in original) (quotations omitted). Thus, "it is insufficient for the
> party opposing the motion to merely assert that additional discovery is required to
> demonstrate a factual dispute or that evidence supporting a party's allegation is in
> the opposing party's hands." <u>Id.</u> (quotations omitted).

<u>Gutierrez v. Cobos</u>, 841 F.3d 895, 908 (10th Cir. 2016) (emphasis added).

Mr. Brewer does not articulate why he has not been able to obtain the information he

seeks.  But the circumstances convince the court that he satisfies that part of the litigant's

obligations under Rule 56(d).  He is a pro se litigant who has been incarcerated the entire time his

suit has been pending.  Moreover, it appears that he has not had the benefit of discovery given

that the Defendants have raised the defense of qualified immunity.

That said, Mr. Brewer has not demonstrated that the information he seeks, with the

exception of the photographs and incident reports, would assist him in opposing the Defendants'

motions.  The reasons for that finding are sufficiently articulated in the Defendants' oppositions

to the 56(d) Motion (see ECF Nos. 61, 64).

**Additional Photographs**

Mr. Brewer's request for additional photos to support his excessive-force claim has more

merit.  Such photos would necessarily be in possession of the Defendants.  If they exist (the

Defendants' briefs do not clarify whether the photograph filed with their motions is the only one

in existence), Mr. Brewer should have the benefit of the entire set.  The photo relied upon by the

Defendants suggests that Mr. Brewer's description of his injury is exaggerated.  But production

of other photos would not place a significant burden on the Defendants.

The Defendants, after citing to the photograph, contend that Mr. Brewer must defend his

excessive-force claim with more than photographs and his sworn statement, and so additional

photographs would be of no assistance.

> Mr. Brewer seeks additional photos of his wrists after being released from
> handcuffs and seeks testimony as to why SA Ross asked whether Mr. Brewer was
> "okay" after releasing him from handcuffs.  ECF No. 59 at 6 of 7.  All of this, Mr.
> Brewer contends, will help establish that he was actually injured as a result of his
> handcuffing.  ECF No. 59 at 6 of 7.  However, none of this "evidence" will do
> anything of the sort because it does not change the fact that Mr. Brewer has
> entirely failed to produce any objective medical evidence showing that he suffered
> anything other than a *de minimis* injury.

(SA Ross's Mem. Opp'n to Mot. to Stay Summ. J. Ruling at 2, ECF No. 61 (emphasis added).)

The court is not convinced at this point that a defendant is entitled to dismissal as a matter

of law when a plaintiff fails to submit medical records to prove that an injury was more than de

minimis.  But before issuing a definitive ruling on that issue, the court will allow Mr. Brewer

access to additional photos (if the Defendants possess any) that show the condition of his wrists at the time of handcuffing or within a reasonable time after the handcuffs were removed.

**Incident Reports**

Mr. Brewer's request for incident reports also has some merit.

Defendants challenge his request on the basis that Mr. Brewer needs no further information because the Defendants accept his allegations as true for purposes of summary judgment. But that does not resolve the fact that they add their own accounts of events.

Defendants also point out that impeachment of the officers' personal accounts and their stated intent is irrelevant to an objective probable cause analysis. Although they are correct, that argument does not diminish Mr. Brewer's interest in having a more complete (and contemporaneous) record of the events described by the Defendants.

Given the potential relevance of the Defendants' accounts and given the minor burden on the Defendants to produce them, the court finds that Mr. Brewer is entitled to review them before opposing the motions.

## ORDER

For the foregoing reasons, Plaintiff's Motion to Stay Summary Judgment Pending Discovery Pursuant to Rule 56(f) (ECF No. 59) is GRANTED IN PART AND DENIED IN PART. It is hereby ORDERED as follows:

1.    No later than February 19, 2018, the Defendants must do one of the two following things: (1) submit a sworn statement to the court and Mr. Brewer that no photographs, other than the one attached as an exhibit to SA Ross's motion, exist; or (2) send a copy of such photographs to Mr. Brewer with a notice to the court that they have done so.

2.      No later than February 19, 2018, the Defendants must submit all relevant incident reports to Mr. Brewer.

3.      Mr. Brewer may supplement his opposition to the motions for summary judgment no later than March 19, 2018, and the Defendants may file a reply no later than April 2, 2018.

DATED this 22nd day of January, 2018.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge